UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRIS KERPER-SNYDER, et al., ) | CASE NO. 5:08CV2171 |
| ) | |
| Plaintiffs, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| MULTI-COUNTY JUVENILE ) | **MEMORANDUM OF OPINION** |
| ATTENTION SYSTEM, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | [Resolving Doc. 12] |
| ) | |

This matter comes before the Court on Defendants' motion for judgment on the pleadings (Doc. 12). Plaintiffs filed their Opposition to the Motion (Doc. 15), and the Court granted leave to permit a reply brief. (Docs. 16, 17). The Court has been advised, having considered the complaint, pleadings, and applicable law. For the reasons that follow, the Motion is DENIED.

I. STATEMENT OF FACTS[1]

Plaintiffs Chris Kerper-Snyder and Carrie Lavery filed their complaint in this matter on September 10, 2008. Plaintiffs named Multi-County Juvenile Attention System ("MCJAS"), Donald Thernes, David Vanderwall, James Bryan, and Pam Maybaugh as Defendants. During the relevant period for this litigation, Plaintiffs were employees of MCJAS. In their complaint, Plaintiffs allege that their rights of free speech, petition, and association were violated by Defendants and that Defendants' actions violated Ohio public policy. Essentially, Plaintiffs allege that they were retaliated against because they attempted to form a union.

---

[1] For the purposes of this motion, the facts as alleged in the complaint have been taken as true.

Prior to filing this suit, Plaintiffs filed numerous unfair labor practice ("ULP") charges with the Ohio State Employment Relations Board ("SERB"). The basis for those ULP charges effectively mirrors the basis for this suit. According to the parties, SERB found probable cause to believe that a ULP had been committed and the Ohio Attorney General's office proceeded to prosecute the administrative action. Plaintiffs have never sought to intervene in that action, but they did testify during the evidentiary hearing. At this time, SERB has not issued a final ruling in the administrative proceeding.

On November 18, 2008, Defendants moved for judgment on the pleadings, claiming that the Court should abstain from hearing this matter. Defendants assert that the pending SERB matter warrants abstention. The Court reviews that claim below.

## II.     LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Under Fed.R. Civ.P. 12(b)(6), no complaint shall be dismissed unless the plaintiff has failed to allege facts in support of plaintiff's claim that, construed in plaintiff's favor, would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Further, in ruling on a motion under Rule 12(c), this Court may look only at the pleadings themselves and exhibits incorporated by reference into the complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). The court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the

complaint in the light most favorable to the plaintiff. *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974). *See also*, *Ziegler*, 249 F.3d at 512. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III. ANALYSIS**

In their motion for judgment of the pleadings, Defendants contend that dismissal is appropriate pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Upon careful review, the Court disagrees.

The Sixth Circuit has previously set forth in detail the proper application of *Younger* abstention.

> When reviewing an application of *Younger* abstention, it is critical to bear in mind that "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). The Supreme Court has stated that federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Id*. at 358 (quoting *Cohens v. Virginia*, 19 U.S.(6 Wheat.) 264 (1821)). The test that district courts must apply when endeavoring to determine whether abstention under *Younger* is appropriate has been clearly articulated in prior cases. In order for a federal district court to abstain from hearing a claim pursuant to *Younger* abstention, it must find that three requirements are satisfied: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A court should proceed deliberately through its review of each of these three factors for each claim with respect to each party to ensure that abstention remains "the exception, not the rule." *New Orleans Public Service, Inc.*, 491 U.S. at 359 (quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236 (1984)).

*Leatherworks Partnership v. Boccia*, 246 Fed. Appx. 311, 317 (6th Cir. 2007). Upon review, the Court does not find this to be one of the exceptional circumstances that warrant this Court's refusal to exercise its jurisdiction.

Initially, the Court notes its agreement with Plaintiffs' position that these proceedings do not seek to interfere with state court proceedings. Plaintiffs have not challenged any aspect of the SERB proceedings, nor would any order of this Court affect the SERB proceedings in any manner. While there are overlapping issues between the proceedings, "[g]enerally … the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quotation omitted). Due to the *parallel* nature of the two proceedings, the Court finds that *Colorado River* abstention doctrine provides a more appropriate analytical framework. However, as Defendants have not argued for abstention under *Colorado River*, the Court will not undertake a detailed review of that doctrine.[2]

There is no dispute that there is an ongoing state judicial proceeding. However, while Plaintiffs initiated the SERB proceeding by filing complaints, Ohio's administrative law provides that a well-taken complaint will result in the prosecution of the complaint in the name of the State of Ohio. *See* Ohio Adm. Code § 4117-7-03. Accordingly, Plaintiffs are not currently, nor have they ever been a party to that proceeding.

> This alone distinguishes the case from the reach of *Younger* situations. *See, e.g.*, *Kaplan v. Hess*, 694 F.2d at 851 (*Younger* not applicable because no pending proceeding in case where appellants challenged a local court rule requiring them to stand when judges enter or leave the courtroom); *New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education*, 654 F.2d 868 (3d Cir. 1981) (*Younger* did not bar non-parties to state enforcement proceedings against unlicensed college's operation from bringing federal suit to enjoin state from continuing enforcement efforts); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975) (plaintiffs who refrained from criminal activity - employing topless dancers - are not barred by *Younger* from bringing a federal challenge to the criminal statute, although other plaintiffs who committed the crime, and who were represented by common counsel, with similar business activities and problems were barred by pending state criminal proceedings).

---

[2] Applying the *Colorado River* factors, the Court would still find abstention to be improper.

*Family Div. Trial Lawyers of the Superior Court – D.C., Inc. v. Moultrie*, 725 F.2d 695, 702-703 (C.A.D.C. 1984).

Defendants raise an argument for the first time in their reply brief that asserts that Plaintiffs are in privity with the Ohio Attorney General.  Defendants offer no law in support of this conclusion.  Under the facts, the Court finds the analogy drawn by Plaintiffs to be appropriate.  Plaintiffs are no more in privity with the Attorney General than a crime victim is in privity with the prosecuting attorney.  The fact that relief may flow to Plaintiffs is simply insufficient to find privity.

Furthermore, while courts have applied *Younger* abstention to non-parties to state court proceedings, that application is rather limited.  "[N]on-parties to the state action must 'seek to directly interfere with the pending [state] proceeding.'" *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 635 (6th Cir. 2005) (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.2d 65, 85 (2d. Cir. 2003).  As detailed above, Plaintiffs do not seek to interfere in any manner with the SERB proceedings.

The remaining argument set forth in Defendants' reply brief is also flawed.  In support of this argument, Defendants rely upon cases that state that the parties need not be identical to warrant abstention.  However, even the case cited by Defendants permits abstention when a non-party is involved only if "the interests of the parties seeking relief in federal court are closely related to those of [the] parties in pending state proceedings *and* where the federal action seeks to interfere with pending state proceedings." *Cedar Rapids Cellular Telephone v. Miller*, 280 F.3d 874, 881-82 (8th Cir. 2002) (emphasis added).  As detailed above, the Court can find no basis for concluding that this proceeding will interfere with the SERB proceeding.  Furthermore, the Court finds it very unlikely that Plaintiffs' interests are closely aligned with the Ohio Attorney

5

General's interests. Plaintiffs' interests involve their own personal rights, while the Attorney General seeks to vindicate a statewide public policy. Furthermore, as with most civil cases, Plaintiffs' paramount interest is monetary compensation. While there may be some overlap in their interests, that overlap is not sufficient to satisfy the Court that the Plaintiffs and Ohio Attorney General should be treated as if they are one and the same.

Finally, the Court has found no support for the proposition that Plaintiffs' participation as witnesses in the SERB proceeding somehow warrants abstention. In that regard, the Court finds persuasive the reasoning of the Sixth Circuit when dealing with *Colorado River* abstention.

> The plaintiffs in this case are not parties in the state court case, and to the extent that they were involved in that case, their involvement may very well be over. … Furthermore, the relief sought by the plaintiffs in state court differs from the relief they are seeking from this court. In state court, they sought to have the subpoenas quashed, whereas here they are seeking damages. Finally, the state court dispute involved state discovery law, whereas, in this court, the dispute involves federal civil rights law. Given these differences between the state and federal court cases, we see no valid reason to abstain from deciding this case.

*Warner v. Greenbaum, Doll & McDonald*, 104 Fed. Appx. 493, 496-97 (6th Cir. 2004). The Court finds similar differences here. Plaintiffs participation in the state action has come to an end. Furthermore, they seek different relief in this matter than SERB may award, namely compensatory damages. Accordingly, the Court does not believe that *Younger* abstention is appropriate under the facts set forth herein.

The Court does not dispute that the results of the SERB proceeding may very well impact this case. Relief afforded by SERB may eliminate the need to seek that relief herein. However, the Court is confident that Defendants will ensure through the proper filings in this matter that double recovery or its equivalent does not occur. Therefore, the Court does not find this possible ramification of moving forward sufficient to warrant abstention.

6

## IV. CONCLUSION

Defendants' motion for judgment on the pleadings (Doc. 12) is DENIED.

IT IS SO ORDERED.

Date:  January 12, 2009          */s/ John R. Adams*
                                 Judge John R. Adams
                                 UNITED STATES DISTRICT COURT